IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| OSIEL BETANCUR,<br>　　Petitioner,<br><br>VS.<br><br>RODNEY W. CHANDLER, Warden,[1]<br>FCI-Fort Worth,<br>　　Respondent. | §<br>§<br>§<br>§   Civil Action No. 4:12-CV-506-Y<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner, Osiel Betancur, Reg. No. 17795-097, is a federal prisoner who is currently incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent, Rodney W. Chandler, is Warden of FCI-Fort Worth.

---

[1] Rodney W. Chandler has replaced Rebecca Tamez as Warden of FCI-Fort Worth and is automatically substituted as respondent. FED. R. CIV. PROC. 25(d). The clerk of court is directed to docket and change the designation of the respondent accordingly.

## C. PROCEDURAL HISTORY

By this petition, petitioner challenges a prison disciplinary proceeding conducted at FCI-Sheridan in Oregon. (Resp't App. at 8) Petitioner was charged by incident report dated May 31, 2011, with the institutional offenses of Possession of Anything Not Authorized, a Code 305 violation, and Possession of a Hazardous Tool, a MP3 player, a Code 108 violation. (*Id.* at 4) In the report, the reporting officer gave the following written description of the alleged violations:

> On May 31, 2011, at approximately 11:45 a.m., I became aware inmate Osiel BETANCUR, Reg. No. 17795-097 was in possession of a hazardous tool, (MP3 Player) and other contraband items. Specifically while conducting the property inventory of inmate BETANCUR's property, I discovered hidden in the inside of a white pair of Nike athletic shoes a "Coby" 4GB MP2 player. These athletic shoes where [sic] wrapped in a clear plastic bag, and were with other pairs of shoes located under inmate BETANCUR's bunk. These athletic shoes were identified as belonging to inmate BETANCUR by the Officer securing the property. Also found amongst the property, was a small TV remote and Two large 4 lbs cans of tuna. These cans of Tuna are not sold in the inmate commissary.

(*Id.*)

Petitioner received a copy of the incident report on the May 31, 2011. (*Id.* at 2) The charges were initially heard by the Unit Disciplinary Committee (UDC) on June 1, 2011, and petitioner was advised at that time of his rights in connection with the disciplinary proceeding. (*Id.*) The UDC referred the charges to a disciplinary hearing officer (DHO) for further review, and, on June 11, 2011, a disciplinary hearing was held. (*Id.* at 2, 4, 6-9) At the hearing, petitioner waived his rights to a staff representative and to call witnesses, admitted the Code 305 violation but denied the Code 108 violation, and gave a statement summarized by the DHO as follows:

> It was not mine. It doesn't make any sense. Why would I keep them in my shoes? I didn't make any effort to grab anything when they told me to leave for the search. Those are my shoes, but I never unwrapped the plastic once I wrapped them

2

up after I bought them. I have never worn them once. I have never seen it before. I was in possession of the tuna. I have never seen the remote control either.

(*Id.* at 6)

After reviewing petitioner's statement and other evidence, the DHO concluded petitioner committed the prohibited acts and assessed various sanctions, including the loss of 40 days good conduct time for the Code 108 violation. (*Id.* at 7-8) A copy of the DHO's report was delivered to petitioner on July 6, 2011. (*Id.* at 3)

Petitioner appealed the DHO's decision, but the Regional Director denied relief, stating–

You are appealing administrative relief regarding the decision of the Discipline Hearing Officer (DHO) on June 11, 2011, in which you were found to have committed the prohibited acts of Possession of a Hazardous Tool, Code 108, and Possession of Anything Not Authorized, Code 305. You claim the MP-3 player located in your shoes under your bunk were [sic] in a common area that cannot be secured. You ask to have the Code 108 charge expunged.

On appeal, the appropriate reviewing authority shall consider: a. Whether the UDC or DHO substantially complied with the regulations on inmate discipline; b. Whether the UDC or DHO based its decision on some facts, and if there was conflicting evidence, whether the decision was based on the greater weight of the evidence; and c. Whether an appropriate sanction was imposed according to the severity level of the prohibited act, and other relevant circumstances.

A review of the disciplinary action indicated that you were provided due process as required by Program Statement 5270.08, Inmate Discipline and Special Housing Units. You were given advanced written notice of the charges against you more than 24 hours prior to your appearance before the DHO. You were afforded your right to staff representation and witnesses. You waived both these rights. You were provided an opportunity to make a statement to the DHO and to present documentary evidence on your behalf. Your statement is reflected in the record and is addressed by the DHO.

The DHO report clearly indicates the basis for the finding that you committed the prohibited acts and explains the purpose of imposing the sanctions which are within policy. It is each inmate's responsibility to ensure his living area is clear of all contraband at all times. This mandate is contained in the Admission and Orientation

(A&O) handbook issued to all inmates. It is further contained in the Program Statement on inmate discipline.

(Pet., docket entry #1 at 14 of 24)

### D. ISSUES

In one ground for relief, petitioner claims the DHO erred by finding he was guilty of possessing the TV remote and MP3 player because, although they were found in his shoes, he had no knowledge they were there and they were located in a common area that could not be secured by him; thus, he urges there was no evidence that he actually or constructively possessed the contraband. (*Id.* at 4 of 24; Pet'r Reply at 1-2)

### E. DISCUSSION

In the context of prison disciplinary proceedings resulting in the loss of good time credits, an inmate is entitled to minimum due process requirements, which include the requirement that there exist "some evidence" in support of the DHO's decision. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454-55 (1986); *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1978). Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. *Hill,* 472 U.S. at 455. The relevant inquiry is whether there is any evidence in the record that could support the conclusion reached by the DHO. *Id.* at 455-56.

In this case, there was some evidence to support the DHO's conclusion that petitioner committed the prohibited acts. The DHO states in his affidavit that he considered the incident report, the fact that petitioner declined to make a statement to the investigator, petitioner's statements during the UDC and DHO hearings, and photographic evidence in making his decision. (Resp't App. at 3)

The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001). Nor does petitioner's argument that he had no knowledge of the items, and thus was not in actual or constructive possession of them, avail him. A person has constructive possession of a prohibited item if he knowingly has ownership, dominion, or control over the contraband or over the premises in which the contraband is located. *United States v. Fambro*, 526 F.3d 836, 839 (5th Cir. 2008). The fact that the items were found in or among petitioner's shoes under his bunk–*i.e.*, in his "living space," supports a finding of constructive possession. *Flannagan v. Tamez*, No. 09-10322, 2010 WL 759159, at *2 & n.6 (5th Cir. Mar. 5, 2010).

Because there is some evidence to support the DHO's decision, this court is not free to retry the disciplinary charges and substitute its opinion for that of the DHO. Therefore, petitioner is not entitled to relief.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that this petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and

recommendation until December 24, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 24, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 3, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE